## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 94-CT-01124-SCT

*JIMMY DAVIS JONES AND WIFE FAY MADISON JONES*

*v.*

*WESTINGHOUSE ELECTRIC CORPORATION*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 9/13/94 |
| TRIAL JUDGE: | HON. HONORABLE L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| FOR APPELLANTS: | WAYNE DOWDY |
| FOR APPELLEE: | MICHAEL B. WALLACE |
| | REUBEN V. ANDERSON |
| | ROSS F. BASS, JR. |
| | TODD C. RICHTER |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | REVERSED AND REMANDED - 6/5/97 |
| MOTION FOR REHEARING FILED: | 6/19/97 |
| MANDATE ISSUED: | 10/16/97 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### Introduction

**¶1.** This matter comes before the Court, en banc, after granting petitioner's application for writ of certiorari. Jimmy Davis Jones, was an electrician and civilian employee of the Naval Department at the Meridian Naval Air Station. He was jolted by two-thousand volts of electricity while he "troubleshot" a malfunctioning condenser discharge runway light on the afternoon of March 29, 1990, at the air station. Jones filed suit asserting three theories of recovery: (1) failure to warn; (2) negligent design; and (3) strict liability against Westinghouse Corporation.

¶2. A jury in the Circuit Court of Hinds County returned a verdict for Westinghouse. The Joneses appealed, complaining of the trial court's omission of their "failure to warn" issue in the special verdict instruction which the court granted in response to Westinghouse's request, pursuant to M.R.C.P. 49(b).

¶3. The Court of Appeals affirmed the trial court's judgment for Westinghouse on October 1, 1996, Coleman, J., finding that the Joneses had not preserved this issue for review. The petition for rehearing was denied on December 3, 1996. The petition for writ of certiorari was filed with this Court on December 16, 1996, and granted on March 13, 1997.

## Facts

¶4. Jimmy Davis Jones is a forty year old civilian employee of the Meridian Naval Air Station. Jones was one of six electricians at the facility who maintained all electrical equipment of every type at the MNAS.

¶5. On March 29, 1990, Jones had serviced three or four runway lights and had started working on a Westinghouse condenser discharge light unit in a small building adjacent to the runway. Jones testified that two or three minutes passed from the time he cut off the light unit until the time he touched a rectifier tube on the unit and was electrocuted because of a failure of the automatic discharge (or "bleed-off") feature of the unit. The electrical charge was supposed to "bleed off" within thirty seconds after turning off the power source. Because the capacitor had not been discharged, the rectifier tube which he touched remained energized.

¶6. As a result of his electrocution injuries, Jones suffered permanently disabling injuries, including brain damage, loss of bladder control, total sexual impotence, and spinal disc injury.

¶7. Jones and his wife filed suit against Westinghouse based on three theories of recovery: (1) failure to warn; (2) negligent design; and (3) strict liability. Westinghouse asserted the "government contractor defense" which immunizes government contractors from civil liability arising out of the performance of government procurement contracts.[1]

¶8. At the conclusion of all testimony, the court considered jury instructions, including a special verdict instruction submitted by the defendant, Westinghouse. The plaintiffs/petitioners objected to the special verdict instruction, which did not include any instruction or inclusion on the failure to warn theory of liability. "Your Honor, with regard to the special verdict instruction, *the special verdict instruction omits anything about the failure to warn.*" (emphasis added). Three times the plaintiffs objected, each time clearly stating that the basis for the objection was the omission of the failure to warn issue. The trial court overruled plaintiff's objection to the special verdict instruction, and the special verdict instruction, as proposed by Westinghouse, was given.

¶9. The jury, after deliberating for a portion of two days, returned its verdict in favor of Westinghouse, and the jury's verdict stated specifically: "We, the jury render a verdict in favor of Westinghouse according to the 'special verdict' instructions issused [sic]."

## Issue presented for certiorari review

¶10. The following issue was raised for review in the petition for writ of certiorari:

**WHETHER THE TRIAL COURT ERRED BY GIVING A "SPECIAL VERDICT INSTRUCTION WHICH WAS SUBMITTED BY WESTINGHOUSE AND TO WHICH SPECIFIC OBJECTION WAS RAISED BY PLAINTIFFS BECAUSE THE SPECIAL VERDICT INSTRUCTION, SUBMITTED BY WESTINGHOUSE, AND GIVEN BY THE COURT, OMITTED THE PLAINTIFFS' "FAILURE TO WARN" ISSUE, WHICH ISSUE HAD BEEN RAISED BY THE PLAINTIFFS' PLEADINGS AND EVIDENCE AND THE PLAINTIFFS HAD DEMANDED THE SUBMISSION OF THE "FAILURE TO WARN" ISSUE TO THE JURY IN THE SPECIAL VERDICT INSTRUCTIONS, AS REQUIRED BY RULE 49(b) MRCP.**

¶11. The Court of Appeals held that the Joneses had not objected "per se" to the instruction because they were required not only to voice an objection, but to propose an alternative interrogatory, and therefore, the issue had not been preserved for appeal. This holding is in direct conflict with two recent Fifth Circuit cases, which hold that you must *either* object, *or* propose an interrogatory, but that you are not required to do both.[(2)] This Court has no published decisions on M.R.C.P. 49(b), and therefore, certiorari review was granted.

### Analysis and Authority

¶12. The Court of Appeals noted that there are no reported decisions from this Court concerning M.R.C.P. 49(b). The rule provides for special jury instructions, allows submission to the jury of "any issue of fact raised by the pleadings or by the evidence," and declares that "each party waives his right to a trial by jury of the issue so omitted unless before the jury retires, he demands its submission to the jury."[(3)]

¶13. The Joneses assert that in this case, the Court of Appeals has, in the absence of a Mississippi Supreme Court decision defining and clarifying Rule 49(b), issued a decision which is contrary to the application of it identical counterpart, Federal Rule of Civil Procedure 49(a), by the United States Court of Appeals for the Fifth Circuit.

¶14. At the end of the trial and during the trial court's consideration of proposed jury instructions, Westinghouse asked the trial court to give the jury a special verdict instruction as provided by Rule 49(b). The Jones' counsel made three different oral objections for the record to Westinghouse's purposed special verdict instruction, stating that:

"it has no language in it on failure to warn. . . "

"it omits a failure to warn . . . "

"Your Honor, with regard to the special verdict instruction, the special verdict instruction omits anything about the failure to warn."

¶15. These objections were made before the jury retired. The judge overruled the objections, which take up three pages in the record. The Court of Appeals concluded that "[T]he Joneses objection to the omission of their "failure to warn" issue from the special verdict instruction alone is insufficient to preserve their right to raise the issue of this omission on appeal." The Court of Appeals concluded that the Joneses had to both object *and* propose additional interrogatories, in order to preserved this

issue for review upon appeal. *Id*.

¶16. The Joneses assert that this decision by the Court of Appeals, i.e., that an objection to a special verdict instruction is not preserved unless (1) oral objection is made *and* (2) an instruction is proposed which includes the omitted issue, is plainly contradicted "by all decisions of the 5th Circuit Court of Appeals concerning the federal rule." Interestingly enough, all parties suggest the Fifth Circuit case, ***Barton's Disposal Service, Inc., v. Tiger Corp.***, supports their particular viewpoint in this case. The plaintiffs in ***Barton*** did propose an instruction, but the court held *:*

> When reviewing the form or content of special interrogatories it is essential that adequate objections were timely made. The requirement is not technical nor technically applied. The purpose is to afford the trial court the opportunity of correcting possible errors. Thus we have held that: "a party preserves a claim of error either by proposing and being denied a special interrogatory *or by objecting to a proposed special interrogatory before the jury has retired. . . . Either method* serves the ultimate purpose of directing the trial court's attention to the issue. . . .

*Id*. at 1434, *citing **Chemetron Corp. v. Business Funds, Inc.**,* 682 Fd.2d 1149, 1171 (5th Cir. 1982).

¶17. Both of these cases decided by the Fifth Circuit make it clear that the appropriate method for preserving the issue for appeal is to either make a clear objection for the record, stating the basis for the objection, which counsel for the Joneses did, taking up three pages of the record with said objections or proposing an interrogatory which included the omitted issue, but not both.

¶18. The trial court was thus afforded the opportunity to correct the error contained in the interrogatory, the omission of the failure to warn, but declined to do so.[(4)] A review of the Special Verdict instruction shows that the form of the instruction did not allow the jury to find for the Joneses if the light was not found to be in "a defective condition unreasonably dangerous to the intended users," or if the jury found that Westinghouse did not "negligently design the condenser discharge runway approach lighting unit at issue. . . ." The jury was instructed that, "If you answer [the last two questions] no, then you shall render a verdict in favor of Westinghouse on Plaintiffs' claim of negligence and *you need not continue.* Thus, the Joneses' failure to warn evidence is omitted entirely from the special verdict instruction and the jury is precluded from finding for the Joneses on the failure to warn theory of liability.

### Conclusion

¶**19.** Because the Court of Appeals has applied a narrow, technical, and formalistic interpretation of Rule 49(b), which appears to be directly contradicted by the Fifth Circuits' decisions in ***Barton's Disposal Service, Inc., v. Tiger Corp.***, 886 F.2d 1430, 1434 (5th Cir. 1989) and ***Chemtron Corp. v. Business Funds, Inc.***, 682 F.2d 1149 (5th Cir. 1982), the cause should be reversed and remanded for a new trial.

¶20. Clearly, the Joneses met the requirements set forth by the Fifth Circuit by making three objections for the record, unambiguously stating that the basis for the objection was the omission of the issue of failure to warn. The issue was preserved for appeal, pursuant to the Fifth Circuit opinions cited herein, and the case is remanded for a new trial.

**¶21. REVERSED AND REMANDED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, SMITH AND MILLS, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY. BANKS, J., NOT PARTICIPATING.**

1. This issue is not pertinent to the issue presented for review on certiorari.

2. *Chemtron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1171 (5th Cir. 1982) ("The preferred method is to assist the trial court by proposing special interrogatories, but failure to do so is not fatal so long as a timely, comprehensible objection is made before submission to the jury."); *see also Barton's Disposal Service, Inc. v. Tiger Corp.*, 886 F.2d 1430, 1434 (5th Cir. 1989). ("a party preserves a claim of error *either* by proposing and being denied a special interrogatory or by objecting to a proposed special interrogatory before the jury has retired. . . . *Either method serves the ultimate purpose of directing the trial court's attention to the issue. . . .*"). (emphasis added).

3. Rule 49(b). **Special Verdict.** The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings *upon each issue. If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue so omitted unless before the jury retires he demands its submission to the jury.* As to an issue omitted without such demand the court may make a finding; or if it fails to do so, it shall be deemed to have made a finking in accord with the judgment on the special verdict. (emphasis added).

4. The Special Verdict instruction in question, No. 1, asked the jury to decide whether Westinghouse proved " . . . it is immune from all of the Plaintiffs' claims under the government contractor defense?" The jury responded no by an 11-1 vote. The Special Verdict instruction directed that "If you answer question No. 1 "No," then answer the next question.

No. 2 asked whether Plaintiffs had proved that the light unit "was sold by Westinghouse to the government in a defective condition unreasonably dangerous to the intended users of the unit, and that the defective condition proximately caused injuries sustained by Jimmy Davis Jones?" Jurors voted "No" 11-1. The Special Verdict then directed the jury:

"If you answer question No. 2 "No," then you shall render a verdict in favor of Westinghouse on Plaintiffs' strict liability claim, then answer the next question."

Question No. 3 asked whether Plaintiffs had proved that "Westinghouse negligently designed the condenser discharge runway approach lighting unit at issue . . . . " Jurors voted "No" 11-1. The Special Verdict instruction then told the jury, "If you answer question No. 3 "No," then you *shall*

*render a verdict in favor of Westinghouse on Plaintiffs' claim of negligence and you need not continue.* " (emphasis added)